STATE, *ex rel.* JOHN HENRY SHERMAN, v. HONORABLE ELWYN THOMAS, as Judge of the Circuit Court of St. Lucie County, and ARETE BEDFORD SHERMAN.

174 So. 413.
Division A.
Opinion Filed May 19, 1937.

232

*Walker Liddon* and *Fee & Liddon,* for Petitioner;

*Dewey Crawford* and *Elwyn Thomas,* for Respondents.

BUFORD, J.—Rule *nisi* in prohibition proceedings was heretofore issued by this Court directed to the Honorable Elwyn Thomas as Judge of the Circuit Court in and for St. Lucie County, Florida, and to Arete Bedford Sherman on petition alleging in part as follows:

"Comes now John Henry Sherman, a citizen and resident of St. Lucie County, Florida, and presents this his suggestion to this Honorable Court, and hereby prays for the issuance by this Court of a writ of prohibition directed to the Honorable Elwyn Thomas, as Judge of the Circuit Court of St. Lucie County, Florida, and to Arete Bedford Sherman, the party complainant in that certain suit now pending in said court under the style of Arete Bedford Sherman versus John Henry Sherman; Defendant, upon the following grounds:

"1. That heretofore, on to-wit the 11th day of March, 1937, the said Arete Bedford Sherman presented to the Honorable Elwyn Thomas, as Judge of the Circuit Court of St. Lucie County, Florida, her Petition for Rule against the said John Henry Sherman to show cause why he should not be adjudged in contempt of the said court for his failure to pay certain sums for the maintenance and support of the said Arete Bedford Sherman and the minor child of the said parties, decreed to be paid by the Circuit Court of Bay County, Florida, on the 13th day of July, 1935, as will appear by certified copy of the said Petition attached hereto and made a part hereof.

"2. That on the 11th day of March, 1937, the Honorable Elwyn Thomas, as Judge of the Circuit Court of St. Lucie County, Florida, issued a rule requiring the said John Henry Sherman to show cause before him on the 16th day of March, 1937, why he should not be adjudged in contempt of the Circuit Court of St. Lucie County, Florida, for failure to comply with the said order of the Circuit Court of Bay County, Florida, as will more fully appear by a certified copy of said Rule to Show Cause attached hereto and made a part hereof.

"3. That on the 16th day of March, 1937, said John Henry Sherman appeared before the Honorable Elwyn Thomas, Judge of the Circuit Court of St. Lucie County, Florida, and by his attorney, Walker Liddon, objected to any proceedings on the said Rule to Show Cause, on the ground that the Circuit Court of St. Lucie County, Florida, had no jurisdiction to adjudge the said John Henry Sherman to be in contempt of the Circuit Court of St. Lucie County, Florida, for his failure to comply with a decree of the Circuit Court of Bay County, Florida.

"4. That the said Elwyn Thomas, as Judge of the Circuit Court of St. Lucie County, Florida, denied the said Motion made by the said attorney for the said John Henry Sherman, and stated in open court that he would proceed to hear the cause on the 24th day of March, 1937, at ten o'clock, A. M.

"5. Your Petitioner further shows that the said cause is now pending in the Circuit Court of St. Lucie County, Florida, and your Petitioner avers that the said Circuit Judge is without jurisdiction to hear and render judgment in said cause, but will, if not prohibited by writ of this Honorable Court, undertake to retain jurisdiction and enter an order or decree therein.

"A certified transcript of the record of all the proceedings in the above cause is herewith presented, as required by Section 5450, Compiled General Laws of Florida, 1927.

"5. Your Petitioner further shows that said Circuit Court is without jurisdiction to try said cause because there has been no order entered by the Circuit Court of St. Lucie County, Florida, requiring the said John Henry Sherman to pay any sums of money whatever, or to do any act whatever, and therefore the said John Henry Sherman is not charged with violating any order of the Circuit Court of St. Lucie County, Florida."

The respondent filed return and answer, the pertinent part of which is as follows:

"That he admits every and all of the allegations of the said Rule *Nisi,* except that he denies he is without jurisdiction to determine said cause.

"The undersigned asserts that the Judge of the Circuit Court of St. Lucie County, Florida, has jurisdiction to hear and determine the said petition of March 11th, 1937, for the following reasons:

"(a) Because he is authorized by Chapter 16780 of the Laws of Florida, Acts of 1935, to entertain the petition of the Complainant, Arete Bedford Sherman, for rule to show cause, inasmuch as the other party to the original suit in Bay County, Florida, was residing at the date of the application within the said County of St. Lucie;

"(b) Because on the 4th day of August, 1936, the said John Henry Sherman, defendant in the original divorce case in Bay County, Florida, and petitioner for the writ of prohibition herein, himself filed a petition directed to this Court asking for a reduction in the amounts originally fixed in the final decree in Bay County, Florida, thereby submitting himself to the jurisdiction of this Court;

"(c) The party now complaining of the jurisdiction of the Court first submitted to its jurisdiction by filing said petition for reduction of alimony; and" * * *

That in the absence of statutory authority the power to punish for contempt exists merely for the purpose of enabling a court to compel due decorum and respect in its presence, either actual or constructive and due obedience to its judgments, orders and processes; and that, therefore, a court is not authorized to require respecting or to punish contempt of any other courts or tribunal unless the latter be an agency or a part of the court of which contempt is charged. The contempt must, therefore, be recognized as a contempt of the court proposing to inflict the punishment and judgment for contempt. The power to punish is an incident for maintaining its authority. This is true except that an appeal from an inferior to a higher court may so transfer the proceedings that the appellate court may be authorized to enforce an order made by the lower and which has been violated by a party to the proceedings. See R. C. L., page 520; 13 C. J. 52, and authorities cited in note following the text in this regard.

The answer of the respondent avers in effect that all the allegations of the petition are true except that which alleges that the Circuit Court of St. Lucie County is without jurisdiction and avers that the Circuit Court of St. Lucie County has jurisdiction in the instant case under the provisions of Chapter 16780, Acts of 1935. That Act merely authorizes the Circuit Court in which the parties, or either of them, shall have resided at the date of the execution of an agreement providing for the payments for or in lieu of separate support and maintenance, or alimony, whether in connection with any action for divorce or for separate maintenance or within a voluntary property settlement, or

at the time when a decree of a court of competent jurisdiction has required a husband to make to his wife any such payments, or in the Circuit Court in the jurisdiction of which either party shall reside on the date of such application, or in which such agreement shall have been executed, or in which such decree shall have been rendered, upon application duly made to enter an order modifying by decreasing or increasing the amount of such separate support, maintenance or alimony, upon a showing made of the change in the circumstances of the parties, or that the financial ability of the husband has been changed, since the execution of such agreement or the rendering of such decree.

There is no showing in this record that the Circuit Court of St. Lucie County has entered an order either increasing or decreasing the amount of separate maintenance and support decreed to be paid from the petitioner to Arete Bedford Sherman by the terms of the decree of the Circuit Court of Bay County, Florida. The statute does not confer jurisdiction upon one Circuit Court to punish for contempt a failure to comply with the orders and decrees of another Circuit Court. On the contrary, the statute does provide as follows:

"Nor shall any court have jurisdiction to entertain any action or proceeding otherwise than as herein provided to enforce the recovery of separate support, maintenance or alimony otherwise than pursuant to such order and judgment."

So, the answer of the respondent is held to be insufficient and Rule absolute in prohibition as prayed for in the petition is now awarded.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

BROWN and DAVIS, J. J., concur in the opinion and judgment.