PER CURIAM.
The appellee Ganz has filed a motion to strike the brief of the appellant in this cause and the same has been orally argued before the court. The question presented by the appellee’s motion is whether Rule 3.7, subd. f(5) Florida Appellate Rules, 31 F. S.A., requires the appendix accompanying a brief to contain references to the pages of the transcript of testimony where the testimony is bound and paged separately.
In this instance, the testimony adduced at the trial was transcribed, bound and paged separately with an index. The appellant filed its brief, together with an appendix, but the appendix contained no references to the pages of the transcript of testimony that the appellant desired the court to read. The appellant's brief, however, did contain page references to the transcript of testimony of various witnesses whose testimony was referred to in the brief.
Rule 3.7, subd. f(5) Florida Appellate Rules, as it is pertinent to the motion here under consideration provides:
“ * * * If the transcript of the testimony is bound and paged separately it shall be sufficient to refer to the pages of the transcript appellant desires the court to read without copying the same in the appendix.”
The appellee contends that the rule obviates the necessity of copying the testimony verbatim in the appendix, but requires that the references to the pages of the transcript of testimony shall be included in the appendix to the brief and that the appellant in this instance failed to include in its appendix a reference to the pages of the testimony which it desired the court to read.
We conclude that the appellant has complied with the spirit as well as the practical application of the rule by referring in its brief to the specific pages of the transcript of testimony of the witnesses whose testimony is treated or relied upon. The rule does not require that a reference to the pages of the transcript of testimony be set out in the appendix but only that such testimony as is set out in question and answer form shall be included in the appendix. The appellant has referred the court, in its brief, to the pages of the transcript of testimony, in this instance separately bound and indexed, and that, we conclude, is sufficient compliance with the rule to withstand the appellee’s motion.
*593 In passing, we suggest for the benefit of the bar, that in those instances where it is intended or contemplated that the testimony will not be included verbatim in an appendix filed with a brief, difficulty could be obviated by directing the clerk of the trial court to bind, page and index separately the transcript of the testimony which is to be brought to the appellate court so that court’s attention may be thereafter directed, by appropriate notation in the brief, to the specific pages of the transcript of testimony that counsel desires the court to read. We do not intend, nor should this opinion be so construed, to indicate that this court is amending, modifying or eliminating any of the requirements of the Florida Appellate Rules as they apply to the contents and form of appendices.
Accordingly, the motion to strike is denied.
CARROLL, CHAS., C. J., and HORTON and PEARSON, JL, concur.