144 So.2d 97 (1962)
John T. GRAHAM, As Judge of the Juvenile Court in and for Sarasota County, Florida, Appellant,
v.
The STATE of Florida, Upon the Relation of Mrs. Adah McMurrough, a/K/a Mrs. A.B. Richards, Appellee.
No. 3124.
District Court of Appeal of Florida. Second District.
August 31, 1962.
*98 William M. Hereford, Sarasota, for appellee-petitioner.
Richard Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellant-respondent.
SMITH, Judge.
Acting upon the petition of the appellee here, the Circuit Court of Sarasota County issued its writ of prohibition directed to the appellant, as respondent, prohibiting the respondent from any further proceedings in connection with an order to show cause why the relator should not be held in contempt. The events leading to the issuance of the writ of prohibition are as follows:
The Juvenile Court of Seminole County entered an order in a proceeding then pending in that court, granting the exclusive custody of a child to its grandmother, the relator, Adah McMurrough.
Contrary to the above order, the relator allowed said child to be removed from her custody by the child's father who brought the child to Sarasota County. Then the Juvenile Court of Seminole County entered an order transferring the case and child to the Juvenile Court of Sarasota County where the child was then residing.
The latter court then entered an order to show cause directed to the relator commanding her to appear and show cause why she should not be held in contempt of the Juvenile Court of Sarasota County for failure to comply with the order of the Juvenile Court of Seminole County.
The question thus presented to this court is, whether the Juvenile Court of Sarasota County may hold the relator in contempt for violating the order entered by the Juvenile Court of Seminole County?
Chapter 39, Florida Statutes, F.S.A., provides for the establishment and operation of juvenile courts within this state. Section 39.02 (1) provides, in part, as follows:
"The juvenile court shall have exclusive original jurisdiction of dependent and delinquent children domiciled, living or found within the county or district in which the court is established. The juvenile court of the county or district in which the child is found shall assume jurisdiction of the child, which jurisdiction shall be exclusive unless the judge thereof, upon approval of the judge of the juvenile court of the county or district in which is located the domicile or usual residence of the child, shall transfer the case and child to the latter court, before or after hearing, in which event the latter court shall thereafter exercise exclusive jurisdiction."
If statutory authority is required for the juvenile court to have the power to punish for contempt, it is provided by Section 39.13, Florida Statutes, F.S.A.
As a general rule, the power to punish for contempt rests with the court contemned, and one court cannot punish a contempt against another court. Demetree v. *99 State ex rel. Marsh, Fla. 1956, 89 So.2d 498; State ex rel. Sherman v. Thomas, 1937, 128 Fla. 231, 174 So. 413. There are, however, exceptions to this general rule, one being, if the other court be an agency or a part of the court of which contempt is charged. Another is the power of an appellate court to enforce an order made by the lower court. State ex rel. Sherman v. Thomas, supra; 12 Am.Jur. 423, Contempt, § 48. For the reasons hereinafter explained, we are of the view that the authority cited is not controlling as to our specific question, because the effect of the transfer of the cause was as if all of the proceedings had been had in the cause in the court to which it was transferred.
"Where an order of removal of a cause from one court to another is properly made, the former court is thereby divested of jurisdiction and the jurisdiction of the latter court attaches and the cause proceeds as if originally instituted there, unless, by virtue of some statutory provision, a transfer of the cause has the effect of limiting the issues, and all subsequent proceedings in the court to which the cause was transferred must conform to the practice and procedure of that court." 21 C.J.S. Courts § 517 page 783.
By operation of the Statute providing for the transfer, the Juvenile Court of Sarasota County would thereafter have exclusive jurisdiction, and the jurisdiction of the Juvenile Court of Seminole County thereby terminated so that any subsequent order entered in Seminole County would have been a nullity. Thus, at the time of the entry of the order to show cause, the only court authorized to punish the relator for violation of the custody order was the Juvenile Court of Sarasota County. To hold that the Sarasota Court did not have jurisdiction would result in the fact that there was no court which could punish the relator for violating the custody order.
"Where the court against which the contempt is committed has been replaced by, or the subject matter of the main cause placed within the territorial jurisdiction of, another court, the latter court has power to punish the offender." 17 C.J.S. Contempt § 51, page 65.
We, therefore, conclude that upon the transfer of this cause from the Juvenile Court of Seminole County to the Juvenile Court of Sarasota County, the latter court had exclusive jurisdiction of the cause, including the power to punish for contempt for failure to abide by the terms of an order entered prior to the transfer.
The judgment is reversed with directions to discharge the writ of prohibition.
Reversed.
ALLEN, Acting C.J., and KANNER, J., concur.