145 So.2d 265 (1962)
Frank David MORRIS, Appellant,
v.
Julia Dolores RABARA, a Minor, by and through Her Best Friend, Edward R. Rabara, Her Father, Appellee.
No. 2453.
District Court of Appeal of Florida. Second District.
September 21, 1962.
Sidney M. Dubbin, West Palm Beach, for appellant.
Hal H. McCaghren, West Palm Beach, for appellee.
SMITH, Judge.
The appellee here instituted her action in Chancery in accordance with the provisions of Chapter 742, Florida Statutes, F.S.A., alleging that the defendant was the father of the child with which she was pregnant. *266 The defendant denied paternity and requested a trial by jury. From an adverse verdict and final decree, the defendant appeals.
The appellee filed a motion to dismiss and motion to strike appellant's brief, each on the ground that appellant, in his appendix, failed to include any part of the original transcript of testimony as would demonstrate error, citing authority to support this general statement. Appellee has overlooked, and we have noted that many members of the Bar overlook, the fact that the above statement is modified by Florida Appellate Rule 3.7, subd. f(5), 31 F.S.A. which, in part, provides:
"* * * If the transcript of the testimony is bound and paged separately it shall be sufficient to refer to the pages of the transcript appellant desires the court to read without copying the same in the appendix."
Appellant has complied with this quoted part of the Rule and, therefore, it was unnecessary for the appellant to include any part of the testimony in his appendix. State Farm Mutual Automobile Insurance Co. v. Ganz, Fla.App. 1959, 112 So.2d 591.
Appellee also filed her motion to quash and affirm upon the ground that this appeal was frivolous. We point out again that in such a motion the burden is upon the movant to point out clearly and concisely the exact matter on which he bases his conclusion that the questions raised are of no substance. To substantiate this conclusion, it is necessary that the movant demonstrate that a bare inspection of the record will readily disclose that the appeal is devoid of any merit, recognizing that on such a motion the court makes only a cursory and superficial examination of the record and briefs to determine whether or not questions are presented which may be considered debatable. Rood Company v. Board of Public Instruction of Dade County, Fla. 1956, 89 So.2d 21; Joseph T. Miller Construction Co. v. Borak, Fla. 1955, 82 So.2d 147. The appellee wholly failed to carry this unusually heavy burden.
Subsequently, appellee filed her supplemental motion to dismiss upon the ground that the appellant had been adjudged in contempt of court for failure to comply with the order of the court. Appellee attaches to this motion a certified copy of the order of contempt. This order specifically sets up a schedule of future payments which, if made, would purge the defendant of the contempt. The motion to dismiss on this ground was filed in this court prior to the time permitted for purging and, therefore, the record here does not demonstrate that the defendant is in contempt.
The appellee again filed her motion to dismiss this appeal upon the ground that the defendant had been adjudged in contempt of court for failing to comply with the order of the court. Attached to this motion is a certified copy of the order adjudging this defendant to be in contempt for failing to pay the sums of money theretofore ordered to be paid by the court. This order provides that the defendant may purge himself of the contempt by paying the sums on a specified day. Said order further provided that the sums to be paid for purging were to be paid to the Clerk of the Juvenile and Domestic Relations Court of Palm Beach County. There is attached to the motion the certificate of the Clerk of the last mentioned court, dated subsequent to the day specified, certifying that the sums of money so ordered to be paid have not been paid. There is also attached to the motion the return of the Sheriff of Palm Beach County, stating that the judgment of contempt has not been executed for the reason that the defendant cannot be found in Palm Beach County. This motion, with the supporting documents, is sufficient to establish in the record in this cause proof of the grounds stated in the motion.
In Woodson v. State, 1882, 19 Fla. 549, the court was considering a motion of the State to dismiss appellant's appeal upon the *267 ground that while the appeal was pending the appellant broke jail and absconded. The court ordered that the appeal be dismissed unless it was made to appear to the court, on or before a day named, that the appellant was in custody of the sheriff or other public officer of the law.
In Palmer v. Palmer, 1891, 28 Fla. 295, 9 So. 657, the court was considering a motion of the appellee to dismiss the appeal upon the ground that the appellant, at the time of the rendition of the final decree and at the time of entering the appeal, had been declared by the trial court to be in contempt for failure to comply with its order. The court found, in that instance, that the record before it was not sufficient to show a proper adjudication of contempt. The court, thereupon, stated:
"Without saying what would be the effect of an order upon proper proceedings adjudging appellant to be in contempt, (Andrews v. Knox Co., 70 Ill. 65,) it is clear that there is nothing of the kind before us."
In Bronk v. Bronk, 1903, 46 Fla. 474, 35 So. 870, the court was considering a motion to dismiss the appeal upon the ground that the appellant was in contempt of the process of the court below and that the appellant had escaped from the custody of the sheriff who had held him under process, issued in the cause from which the appeal arose, and fled from the state. Upon a motion to dismiss and a motion to strike certain designated assignments of error, the court declined to dismiss the appeal, but did strike and refused to entertain the assignments of error which pertained to the writ of ne exeat and injunction, thereby leaving remaining, for consideration by the court, the assignments of error pertaining to granting the temporary injunction and overruling the demurrer. This opinion contains a statement referring to authority which had held that where a person was in contempt, he had no standing in the court whose process he resisted and whose authority he contemns and that the appellate court would not interfere in a cause where the court below ought not and would not.
The question as to whether an appellate court may, in a civil case, dismiss an appeal as a means of punishing the appellant for his failure to obey an order issued by the trial court is extensively annotated in 49 A.L.R.2d 1429. The statement there contained, that "There is considerable judicial disagreement as to whether an appeal can be dismissed for the appellant's disobedience of an order of the trial court" is amply sustained by the authorities cited.
Although not precisely in point, the Florida decisions hereinabove referred to point the way to what seems to us to be the better rule; that is, that where the record establishes the fact that the appellant has been adjudged in contempt for disobeying an order of the trial court in the cause appealed from, that then the appellate court may, in the exercise of its judicial discretion, dismiss the appeal. This court will not be required, at the instance of the appellant, to determine the correctness of the action of the lower court, while the appellant, in defiance of the court, wilfully refused, without just cause, to abide by the trial court's order. It is contrary to the principles of justice to permit one who has flaunted the orders of the courts to demand judicial assistance. An appellate court is authorized to enforce an order made by the lower court and which has been violated by a party to the proceedings. State ex rel. Sherman v. Thomas, 1937, 128 Fla. 231, 174 So. 413; 12 Am.Jur. 423, Contempt, § 48.
The motion of the appellee will be granted, and an order will be entered that this appeal be dismissed unless it shall be made to appear to this court, on or before thirty (30) days from the date of the filing of this opinion, that the appellant has either purged himself of his contempt or is in the custody of the Sheriff of Palm Beach County.
KANNER, Acting C.J., and WHITE, J., concur.