291 So.2d 43 (1974)
In the Interest of S.M.G., a Child.
Mrs. Norwood PROVOST, Appellant,
v.
STATE of Florida, Appellee.
No. 73-651.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Rehearing Denied March 13, 1974.
John W. Bellamy, Bellamy & Barnes, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie Bernard, Asst. Atty. Gen., West Palm Beach, for appellee.
WALDEN, Judge.
What are the dimensions  the outer bounds  of the power (jurisdiction) of the Juvenile Court[1] over the parent of a delinquent child? That is the question.
Appellant is the mother of a fifteen year old daughter who had been adjudicated to be delinquent under F.S. Section 39.10, F.S.A. 1971[2]. Thereafter in the administration of Chapter 39 and in laudable pursuit of the child's rehabilitation, the juvenile court ordered the appellant mother to "participate *44 in and fully cooperate with the Seed Program.[3]
Appellant, while indicating interest in her daughter's welfare, did in gist refuse to travel back and forth between West Palm Beach and Fort Lauderdale and to otherwise participate in the Seed Program. Because of this, the court, on May 23, 1973, adjudicated appellant to be in contempt of court and ordered her incarcerated for a period of thirty days. This appeal resulted.
Our interest and focus is upon the legality of the initial order which mandatorily required the appellant to follow a course of action contrary to her wishes. If the court lacked jurisdiction to enter same, the order is void and there is no basis or predicate for contempt proceedings.[4]
We recognize, as a start, that the juvenile court is a statutory court of limited jurisdiction. Its authority and jurisdiction is limited to that conferred upon it by the Legislature of the State of Florida. Its general jurisdiction is provided by F.S. Section 39.02, F.S.A. 1971.
We have screened and sifted the statutes and particularly F.S. Chapter 39, F.S.A. 1971, and specially Section 39.02, supra, with reference to the issue. The only instance and provision that can be found granting specific power over a parent is F.S. Section 39.11(2)(b), par. 4, F.S.A. 1971. Thereunder where the delinquent child has been removed from the parent's custody, a court is empowered to order the parents to pay the person or institution having custody reasonable sums of money for the child's care, support and maintenance. To emphasize there is no other power to order a parent to do anything as a matter of first instance. That's all.
And so how does the juvenile court function with this limited authority over the people who normally have primary responsibility for the welfare of a child? The answer and the very success of the juvenile court program is to be found in the skill and technique of the dedicated jurists who man the benches of such courts. By melding the love and natural anxiety of parents of delinquent children and by judicious use of their power to remove such children from their parents' home and place them with other persons or institutions at the parents' expense, and other persuasive arts, a court is able in most all cases to obtain cooperation and to fashion the best possible solution to the tragic problems that befall such young people. Of course, there are, as all know, hard core cases attended by recalcitrant or unfit parents, and there are those cases unfortunately for which there is no solution. In these latter cases even the possession of the statutory power over such parents would probably be self-defeating and lead only to frustration and increase in the jail population.
Thus, brushing aside our first blush impression to the contrary, we find no void or fault in the statutory fabric and do not presume therefore to recommend the enactment of additional judicial authority.
In conclusion, it is our holding that the juvenile court lacked jurisdiction to enter the appealed order and, hence, same was *45 void. The order is reversed and the cause remanded with respectful instructions to discharge the appellant.
Reversed and remanded.
OWEN, C.J., and MAGER, J., concur.
NOTES
[1] Juvenile Division of the Circuit Court in and for the Fifteenth Judicial Circuit.
[2] F.S. Chapter 39, F.S.A. 1971, applies to the instant case. The chapter was subsequently amended, see Florida Laws 1973, Chapter 231, effective July 1, 1973.
[3] The Seed Program is an innovative drug rehabilitation endeavor which is located in Fort Lauderdale, Florida. The success of the Seed Program depends in large part upon the cooperation and personal participation on the part of the parents of the delinquent child.
[4] F.S. Section 39.13, F.S.A. 1971, and 6 Fla. Jur., Contempt, § 27. To illustrate, an application of the Contempt Statute, if the court entered a legal order placing the child in the custody of an institution and a parent, or for that matter, anyone, interfered with that order by removing or allowing the removal of the child from such custody, that person would be a proper subject of contempt proceedings. See Graham v. State, Fla.App. 1962, 144 So.2d 97, for a proper example of the court's exercise of its contempt power.