GROSS, C.J.
 

 In this petition for writ of certiorari, the wife in a pending dissolution of marriage proceeding seeks review of a non-final order denying her motion for a hearing under section 39.0139, Florida Statutes (2008), in which she sought to prohibit the husband’s visitation pending the hearing. We hold that the circuit court conducted thorough healings under Chapter 61, Florida Statutes (2008), and that its order was not a departure from the essential requirements of law.
 

 Wahid Mahmood, the husband, filed a petition to dissolve his marriage to Patricia
 
 *2
 
 Mahmood. The couple has two sons — a 17 year old and a 15 year old. Following a hearing, a September 8 temporary relief order designated the wife as the primary residential parent and allowed the husband visitation every Tuesday and every other weekend.
 

 On September 30, the wife filed an emergency motion for an order “protecting the minor children from lewd and lascivious molestation.” The motion alleged that the 15 year old refused to visit his father because his father’s cousins, had touched his penis when greeting him; one incident occurred in 2001, the other “five months ago.” The motion said that the mother had contacted the police and the Department of Children and Families, that a sheriffs deputy had taken the boy’s statement, and that the report was under investigation.
 

 On October 1, the husband filed a motion to hold the wife in contempt for denying him visitation on September 27 and September 30.
 

 On October 2, the circuit judge held a hearing on the wife’s emergency motion. The father denied that his cousins had ever been in the apartment when the children were present. He denied any knowledge of the 2001 incident. At the hearing, due to a lack of notice, the trial court refused to consider new allegations that the husband had had inappropriate contact with the 15 year old; it was claimed that at some point the husband had insisted on cleaning the boy’s genital area, even though the child insisted that he could do it himself. In an order issued on October 2, the judge ruled that neither parent could allow the children to be in the presence of the named cousins and that neither parent could touch or clean the children’s genital areas.
 

 On October 8, the wife served an emergency motion to prevent the husband’s overnight visitation. The motion alleged that both boys feared their father, that he had inappropriately touched the boys’ genital areas, and that the boys had refused to go on their October 7 visitation. On the same day, the husband filed an emergency motion for civil contempt based on the missed visitation. The trial court set both motions for hearing for October 31.
 

 On October 21, the wife filed within the dissolution proceeding her motion for a hearing under section 39.0139, which sought (1) the appointment of a guardian ad litem, (2) the prohibition of visitation until the section 39.0139 hearing, and (3) cancellation of the scheduled October 31 hearing. The motion claimed that the wife had reported the husband to a child abuse hotline. Attached to the motion was a sheriffs office offense report. The report indicated that, with respect to the 15 year old, a child abuse data form had been sent to the agency’s crimes against children section. Concerning the 17 year old, the report provided that the boy had stated that his father came into the bathroom while he was taking a shower and asked if the boy would like him to clean him; the boy said no. He reported that when he was between the ages of 8 and 12, his father did clean his private parts. The boy felt uncomfortable about his father wanting to clean him. The detective who prepared the report reclassified the incident with the 17 year old as being unfounded, because the child reported that his father did not touch him and the earlier touching was without criminal intent.
 

 The wife noticed her motion for a section 39.0139 hearing on October 31, at the same time as the previously scheduled emergency motions. The circuit judge refused to entertain the motion for a section 39.0139 hearing due to inadequate notice. The court heard evidence about the children’s refusal to go with their father for
 
 *3
 
 scheduled visitation. The hearing was continued until November 4,' so the court could hear from the investigating detective.
 

 On November 4, Detective Hall described his criminal investigation of lewd and lascivious molestation based on the 15 year old’s report that his father had touched him inappropriately. He considered the allegations concerning the 17 year old to be unfounded. Detective Hall had uncovered no corroboration of the alleged incidents, and conceded that he had no credible evidence that would give him probable cause for an arrest. He had conducted a controlled phone call between the 15 year old and his father, but there had been no incriminating disclosure. He believed that the Department was going to close its investigation. The husband gave the detective a statement, where he denied touching the children. The husband’s two cousins also denied the allegations against them. With regard to visitation, the detective thought that the teenage boys were capable of defending themselves, having taken Tae Kwan-Do.
 

 At this point in the hearing, the wife moved the court to consider her section S9.0139 motion. She wanted the trial court to appoint a guardian and suspend visitation. As to the Chapter 61 motions, the court found that the wife did not do all she could have done to carry out the trial court’s visitation provisions. The court decided that the section 39.0139 hearing was unnecessary, since it had already conducted hearings under Chapter 61. Nonetheless, the court appointed a guardian ad litem and agreed to hold another hearing if the guardian requested one. The court refused to suspend the husband’s visitation, reaffirmed the temporary relief order, and ordered the husband to take a child abuse profile test and have a clinical interview with a psychologist.
 

 In a November 20 order confirming the oral ruling, the circuit court stated that the husband had proved by clear and convincing evidence that there was no danger to the teenage boys and that the allegations of abuse levied against the father were untrue. The order appointed a guardian ad litem with special training and indicated another hearing would be set if the guardian requested one. It is from this order that the wife filed her certiorari petition.
 

 Certiorari lies when there is a departure from the essential requirements of law which will materially injure the petitioner throughout the remainder of the proceedings, which cannot be remedied adequately on appeal.
 
 See Martin-Johnson, Inc. v. Savage,
 
 509 So.2d 1097 (Fla.1987);
 
 Bared & Co., Inc. v. McGuire,
 
 670 So.2d 153 (Fla. 4th DCA 1996). Section 39.0139 is designed to protect children. A court’s failure to apply the statute to protect a child from abuse is reviewable by certiora-ri, since the situation presents the possibility of irreparable harm to the child.
 

 Section 39.0139, the “Keeping Children Safe Act,” is designed to protect children “who have been sexually abused or exploited by a parent or other caregiver.” § 39.0139(2)(b), Fla. Stat. (2008). The Act creates a “presumption of detriment” to a child under enumerated circumstances, § 39.0139(3), Fla. Stat. (2008), and places “additional requirements on judicial determinations related to visitation and other contact.” § 39.0130(2)(b), Fla. Stat. (2008).
 

 One of the circumstances creating a presumption of detriment is that a parent “[h]as been the subject of a report to the child abuse hotline alleging sexual abuse of any child as defined in s. 39.01.” § 39.0139(3)(a)1, Fla. Stat. (2008). In this case, the wife contends that her report to a
 
 *4
 
 hotline
 
 [1]
 
 triggered the presumption under this section, so that the husband may be allowed visitation with the teenagers “only after a hearing and an order by the court that allows the visitation or other contact.” § 39.0139(4), Fla. Stat. (2008). At this hearing, the “court must appoint an attorney ad litem or a guardian ad litem for the child if one has not already been appointed” and may allow visitation only if the accused parent “proves by clear and convincing evidence that the safety, well-being, and physical, mental, and emotional health of the child is not endangered by such visitation or other contact.” § 39.0139(4)(b) & (c), Fla. Stat. (2008).
 

 Certiorari does not lie in this case because section 39.0139 did not apply in this Chapter 61 dissolution of marriage proceeding. The focus of section 39.0139 is to protect children “who are abused, abandoned, or neglected.” § 39.0139(2)(a)l, Fla. Stat. (2008). These are defined terms in section 39.01 which have a meaning specific to Chapter 39 proceedings. See § 39.01(1), (2), & (44), Fla. Stat. (2008). Chapter 39 thus provides an entry mechanism into the court system for children who need protection. Section 39.0139(4) requires an order by “the court” that allows visitation. When “used in” Chapter 39, “[c]ourt” “means the circuit court assigned to exercise jurisdiction
 
 under this chapter”
 
 “unless otherwise expressly stated.” § 39.01(20), Fla. Stat. (2008) (emphasis supplied). Chapter 39 primarily involves dependency and termination of parental rights proceedings. Thus, a “court” within the meaning of section 39.0139 is a court “assigned” to hear dependency and parental termination cases, not the circuit court in general or a family division of the circuit court primarily assigned to hear Chapter 61 dissolution of marriage cases. The court in this case was a family division of the circuit court, not the division in the Fifteenth Judicial Circuit established to hear a docket of dependency and parental termination cases.
 

 This reading of section 39.0139 makes sense in light of the broad powers given to a court under Chapter 61 to protect children embroiled in a dissolution proceeding. To establish parental responsibility and create a parenting plan, the primary consideration of a family court is “the best interests of the child,” which includes an evaluation of “[ejvidence of domestic violence, sexual violence, child abuse, child abandonment or child neglect, regardless of whether a prior or pending action relating to those issues has been brought.” § 61.13(3)(m), Fla. Stat. (2008). If the court determines that “shared parental responsibility would be detrimental to the child, it may order sole parental responsibility and make such arrangements for time-sharing as specified in the parenting plan as will best protect the child or abused spouse from further harm.” § 61.13(2)(b)2, Fla. Stat. (2008). The Fami
 
 *5
 
 ly Law Rules insure that decisions relating to children comply with the due process requirements of notice and an opportunity to be heard.
 
 See
 
 Fla. Fam. L.R.P. 12.080(a). In addition, family courts routinely hear matters on an emergency basis to protect children. Under Family Law Rule 12.610, a court may enter an ex parte temporary injunction to protect children from the fallout from domestic, repeat, or sexual violence.
 

 Given these broad powers to protect children under Chapter 61 and the Family Law Rules, section 39.0139 should not be read to supplant a due process oriented, comprehensive, balanced approach with provisions that change case dynamics based on a phone call to an abuse hotline. Focusing on the best interests of the teenagers, the circuit court conducted extended hearings under Chapter 61 and found that the husband had proved by clear and convincing evidence that he was not a danger to his teenage boys. The November 20 order was not a departure from the essential requirements of law.
 

 Petition for writ of certiorari denied.
 

 POLEN and DAMOORGIAN, JJ, concur.
 

 [1]
 

 . In a recent article, Judge Sue Robbins pointed out some concerns about having a report to an abuse hotline as the basis for a “presumption of detriment”:
 

 A report to the abuse hotline requires only that a person "knows, or has reasonable cause to suspect, that a child is abused [§ 39.201(1)(a), Fla. Stat. (2008)]. There are no limitations as to date, and there is no requirement that the parent or caregiver have been an adult when the report was made. There is no requirement that die report be found to have been true, or even that it be subject to a finding of probable cause before the rebuttable presumption arises. A report that was made in the distant past and closed following an investigation with no indicators of abuse nevertheless triggers the application of [section 39.0139].
 

 Sue Robbins,
 
 Florida Statute § 39.0139: Limiting the Risk of Serious Harm to Children,
 
 82 Fla. B.J. 45 (May, 2008).