PER CURIAM.
In this court, William L. Leneve, the former husband, seeks review of a trial court order that denied his motion to dismiss the former wife’s motion invoking the Keeping Children Safe Act, section 39.0139, Florida Statutes (2009). Although the former husband originally styled his case as a petition for writ of certiorari, we redesignated the case as an appeal under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii) because it concerns child custody/visitation. See Drago v. Drago, 895 So.2d 529 (Fla. 4th DCA 2005). The former wife failed to file an answer brief as ordered by this court. We reverse.
Below, the former wife moved to invoke the Keeping Children Safe Act. She intended to use the Act in an upcoming hearing on her motion to modify the final judgment of dissolution of marriage. The former husband, who was awarded shared parental responsibility and shared custody in the final judgment, has been denied any contact with his teenage sons under the auspices of the Act. As noted, the trial court denied the former husband’s motion to dismiss the former wife’s motion.
Initially, we note that the Keeping Children Safe Act does not apply outside the context of a Chapter 39 child dependency proceeding. See Mahmood v. Mahmood, 15 So.3d 1, 4 (Fla. 4th DCA 2009). Accordingly, the Act could not and does not apply to this Chapter 61 proceeding.
The law also contains deficiencies that led one circuit court to find portions of the Act unconstitutional. In re: Potts, No. 07-00742DPAWS (Fla. 6th Cir. (Pasco Co.) 2007). Similarly, in Mahmood this court noted concerns that an anonymous report to an abuse hotline automatically triggered the “presumption of detriment” under the Act. 15 So.3d at 4, n. 1 (citing Sue Robbins, Florida Statute § 39.0139: Limiting the Risk of Serious Harm to Children, 82 *198 Fla. B.J. 45 (May 2008)). New legislation was recently enacted which would address these issues and require a circuit court to find probable cause to support the allegations of abuse before the procedures of the Act are triggered. See Fla. CS for SB 504 (2011) (proposed amendment to section 39.0189, Florida Statutes).
The allegations of sexual abuse in this case were raised as the former husband neared the completion of his three-year federal sentence for bankruptcy fraud and after the wife had denied him phone contact with the children for more than two years. Police and the Department of Children and Families investigated the allegations and found them unfounded. The Department found the allegations “highly suspicious” and a police report indicated it was “quite obvious” that the boys had been coached.
We reverse the order on appeal. The trial court shall strike the former wife’s motion invoking the Act in the proceedings to modify the final judgment of dissolution in this case.
GROSS, HAZOURI and CIKLIN, JJ., concur.