CASANUEVA, Judge.
Ermes A. Zamperla, the Father, appeals a nonfinal order granting a motion for contempt and enforcement of a dependency order filed by Brenda Ann Pope, the Mother. The dependency order was entered on December 27, 2007, in the Manatee County circuit court and it found the parties’ three children dependent as to the Mother. The order placed the children in the custody of the Father, the nonoffend-ing parent, established visitation rights for the Mother, and terminated jurisdiction of the court. We conclude that the Sarasota County circuit court erred in entering an order enforcing the provisions of, and holding the Father in contempt for his alleged violation of, the order entered in Manatee County.
We note that the Mother previously filed an emergency motion for contempt and enforcement of the dependency order in the Manatee County circuit court on December 8, 2011. The circuit court denied the motion as an emergency and referred the matter to a magistrate. The magistrate recommended dismissing the Mother’s motion based on its finding that the circuit court in the family law division could not punish contempt of an order entered in a dependency case. The magistrate noted that there had been no parenting plan or time sharing schedule that had been entered in the family law division. The circuit court in Manatee County adopted the magistrate’s order and dismissed the mother’s motion on March 1, 2012. The Mother did not appeal this order.
Instead, on October 31, 2012, the Mother then filed her supplemental petition to modify time sharing and parental plan and her motion for contempt in the Sarasota County circuit court. Her petition again sought to enforce and modify the dependency order entered in Manatee County. The circuit court found that it had jurisdiction to rule on the Mother’s petition pursuant to section 39.013(4), Florida Statutes (2012), it granted the motion for contempt, and it ordered that the parties resume time sharing provided for in the dependency order. The court also ordered that the Mother was entitled to makeup time sharing that is convenient for her; she was entitled to attorney’s fees; she was entitled to all school, medical, and psychological records of the children; and she was entitled to visit the children at their schools. The circuit court also reserved jurisdiction to amend, modify, or enforce the terms of its order and enter any sanctions deemed necessary.
We agree with the Father that the circuit court did not have the authority to punish him for contempt against a dependency court order entered in another county. “ ‘[A]s a general rule, the power to punish for contempt rests with the court contemned, and one court cannot punish a contempt against another court.’ ” Guntner v. Jennings, 980 So.2d 1185, 1188 (Fla. 5th DCA 2008) (quoting Graham v. State, 144 So.2d 97, 98 (Fla. 2d DCA 1962)); see also Grotnes v. Grotnes, 338 So.2d 1122, 1125 (Fla. 4th DCA 1976) (same).
The circuit court improperly relied on section 39.013(4), in determining that it had jurisdiction. This statute provides:
Orders entered pursuant to this chapter which affect the placement of, access to, parental time with, adoption of, or parental rights and responsibilities for a minor child shall take precedence over other orders entered in civil actions or proceedings. However, if the court has terminated jurisdiction, the order may be subsequently modified by a court of competent jurisdiction in any other civil action or proceeding affecting placement of, access to, parental time with, adop *134 tion of, or parental rights and responsibilities for the same minor child.
(Emphasis added.)
Section 39.013(4) specifically permits a court in a separate civil proceeding to modify placement of or parental time with the child as established by a dependency order where the dependency court has terminated jurisdiction. However, this statute does not contemplate the enforcement of a dependency order in another court. See Mahmood v. Mahmood, 15 So.3d 1, 4 (Fla. 4th DCA 2009) (“[A] ‘court’ within the meaning of section 39.0139 is a court ‘assigned’ to hear dependency and parental termination cases, not the circuit court in general or a family division of the circuit court primarily assigned to hear Chapter 61 dissolution of marriage cases.”).
It appears that the Mother did not file a civil action pursuant to chapter 61, Florida Statutes (2012), before filing her “Supplemental Petition to Modify Time Sharing and Parental Plan.” Consequently, issues regarding paternity, child custody, and child support have not been determined by the family division in a circuit court and there was no previous determination of time sharing or a parental plan to modify.
The Mother further contends that the circuit court had the authority and the discretion pursuant to section 61.13(4)(c)(l)-(7) to impose make-up visitation and that it had the authority pursuant to section 61.13(4)(d) to punish the Father for contempt. We disagree. Subsections 61.13(4)(c) and (d) involve compliance with orders entered pursuant to chapter 61, not compliance with dependency orders.
It appears that the Father may have filed an answer and counterpetition for paternity, seeking a determination of paternity, parental responsibility and time sharing, and child support. We reverse the circuit court order finding the Father in contempt and enforcing the dependency order, and we remand this case for the circuit court to consider the Father’s coun-terpetition for paternity.
MORRIS and SLEET, JJ., Concur.