# Third District Court of Appeal

## State of Florida

Opinion filed May 18, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1060
Lower Tribunal No. 19-15422
_____

**Florida Department of Children & Families
and Guardian ad Litem,**
Petitioners,

vs.

**M.D., the Mother,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Rosy Aponte, Judge.

Karla Perkins, for petitioner Department of Children & Families; Thomasina F. Moore, Statewide Director of Appeals and Laura J. Lee, Senior Attorney (Tallahassee), for petitioner Guardian ad Litem.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kevin Coyle Colbert, Assistant Regional Counsel, for respondent.

Before EMAS, C.J., and SCALES and LOBREE, JJ.

PER CURIAM.

In this post-disposition dependency case, the Department of Children and Families and the Guardian ad Litem seek certiorari review of an order denying in part the Department's motion for modification of placement seeking removal of K.D., the five-year-old daughter of respondent M.D., from the mother's home pursuant to section 39.522(4), Florida Statutes (2020), due to safety concerns as to the child. "As the protection of the health, safety, and well-being of a child is of paramount importance under Florida law, and a custody determination that fails to comport with Florida law poses an immediate threat of irreparable harm to the child, we have jurisdiction." A.H. v. Dep't of Child. & Fams., 277 So. 3d 704, 707 (Fla. 3d DCA 2019) (citing Mahmood v. Mahmood, 15 So. 3d 1, 3 (Fla. 4th DCA 2009) ("A court's failure to apply the statute to protect a child from abuse is reviewable by certiorari, since the situation presents the possibility of irreparable harm to the child.")). Because the trial court ruled without considering all of the circumstances that caused the child's dependency, as required by section 39.522(4)(a), we find that the court departed from the essential requirements of the law in denying the motion to place K.D. in out-of-home care. Therefore, we quash the order on review and remand for a new hearing.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.