736 So.2d 786 (1999)
William KIRCHHOFF, individually, and as Trustee of the William E. Kirchhoff, Jr., Revocable Trust, Appellant,
v.
Meredith L. SCOTT, individually, and as Trustee, John R. Arnold, S. David Spector, Patterson W. Moseley, Sherry B. Moseley, Lawrence J. Byrne, Andrew S. Taussig, and John Ochsner, Appellees.
No. 98-03646.
District Court of Appeal of Florida, Second District.
July 9, 1999.
*787 James C. Valenti of Gibson & Valenti, Lake Wales, for Appellant.
David H. Simmons and Michael R. Ansay of Drage, deBeaubien, Knight, Simmons, Romano & Neal, Orlando, for Appellees.
ALTENBERND, Acting Chief Judge.
William Kirchhoff, individually, and as trustee of the William E. Kirchhoff, Jr., Revocable Trust, appeals an order transferring venue of this lawsuit from Polk County to Orange County. We reverse.
On May 15, 1989, William Kirchhoff entered into a joint venture agreement with the appellees to purchase real property in Polk County. The joint venture agreement provided that Mr. Kirchhoff would purchase the land as trustee under a written trust agreement. The joint venture functioned like a partnership, although the parties to this action may not all agree that it is a partnership.[1] Ultimately, the land was purchased and titled in the name of the trust.
In 1997, the parties to the agreement apparently had a dispute. In July 1997, Mr. Kirchhoff was terminated as trustee. He maintains that the effect of this action was to transfer title of the property to each of the co-venturers as tenants-in-common. As a result, he filed a lawsuit in Polk County alleging a count for partition of the real property.
The defendants filed a motion to transfer the action for improper venue based in part upon the theory that the parties are not tenants-in-common, but that the trust continues to own the property, and that Mr. Kirchhoff's interest in the trust is personalty. If Mr. Kirchhoff's interest is in the nature of personalty, then any cause of action accrued in Orange County. See § 47.011, Fla. Stat. (1997). In addition, none of the defendants reside in Polk County. Most of them live in nearby Orange County, where the venture has its sole office. The defendants also requested a transfer of the action to Orange County on the basis of forum non conveniens. See § 47.122, Fla. Stat. (1997). The trial court granted the transfer of venue to Orange County.
On its face, Mr. Kirchhoff's amended complaint properly states a cause of action for partition of real property. If Mr. Kirchhoff can maintain a partition action, venue is proper in Polk County. See § 64.022, Fla. Stat. (1997). The trial court did not dismiss the count requesting partition. The merits of the partition action cannot and have not been resolved by the transfer order. It was error to transfer the case under these circumstances. See First State Bank of Miami v. McGrotty, 354 So.2d 1273 (Fla. 1st DCA 1978) (where allegations of complaint place venue in county where action is brought, merits of a properly stated cause of action are to be *788 determined at trial and not upon venue issue). We caution that our decision expresses no opinion as to the merits of the count requesting partition.
We doubt that the trial court intended to transfer this action to the neighboring county based upon forum non conveniens. The trial court made no finding that litigating this case in Polk County, rather than the neighboring county of Orange, would cause the defendants substantial inconvenience or undue expense. Without such a finding, the transfer could not be sustained on the grounds of forum non conveniens. See Ashland Oil, Inc. v. Florida, Dep't of Transp., 352 So.2d 567 (Fla. 2d DCA 1977).
Reversed and remanded.
BLUE and NORTHCUTT, JJ., Concur.
NOTES
[1] The agreement provided that any matters that might arise as to the rights and obligations of the partners, which were not resolved by the provisions of the agreement or the trust, would be controlled by the Uniform Partnership Act of the State of Florida. See ch. 620, Fla. Stat. (1989).