980 So.2d 1185 (2008)
Dean Randall GUNTNER, Appellant,
v.
Shana Perry JENNINGS, f/k/a Shana Jo Guntner, Appellee.
No. 5D07-3150.
District Court of Appeal of Florida, Fifth District.
April 25, 2008.
*1186 Gregory E. Tucci, Ocala, for Appellant.
Shana P. Jennings, Port Saint Lucie, pro se.
GRIFFIN, J.
Dean Randall Guntner ["Father"] appeals the trial court's order granting Shana Perry Jennings' ["Mother"] motion to transfer venue. We find no lawful basis for the transfer and reverse.
In December of 1999, Father and Mother were married. They had one child together. In March of 2001, Marion County Circuit Court issued a final order dissolving Father and Mother's marriage. The trial court ordered that Mother and Father would have shared parental responsibility for the child and that the child's primary physical residence would be with Mother. Father was granted visitation and was ordered to pay child support. By the time of the dissolution, Mother lived in Broward County, Florida.[1]
Mother and the child subsequently moved to St. Lucie County. On December 8, 2006, Father filed a Supplemental Petition to Modify Visitation in Marion County. Mother filed an Answer to Father's petition. In her Answer, Mother did not contest venue. On May 7, 2007, the Marion County trial court issued an order modifying visitation.
On May 31, 2007, Mother filed a Verified Motion for Civil Contempt/Enforcement[2] of the visitation order. She also filed a Supplemental Petition for Modification of Child Support. Finally, Mother also filed a motion to transfer the case to St. Lucie County, Florida, "pursuant to F.R.C.P. [sic] 1.060 and FRCP [sic] 12.060." In relevant part, Mother made the following allegations in her motion to transfer:
1. The parties to this action were granted a Final Judgment of Dissolution of Marriage on March 22, 2001.
2. Petitioner/Former Wife and the parties (sic) minor child have relocated to St. Lucie County, Florida.
3. The Petitioner/Former Wife wishes to bring her Supplemental Petition for Modification of Child Support and Motion for Contempt/Enforcement against the Respondent/Former Husband in St. Lucie County, Florida.
4. As the Former Wife, the parties' minor child, and witnesses, including Port St. Lucie police officers, are located in St. Lucie County, St. Lucie County is the most convenient forum for this action.
A party initiates a proceeding to modify a final judgment in a family law matter through a supplemental petition. Fla. Fam. L.R.P. 12.110; Fla. R. Civ. P. 1.110(h). The action for modification then proceeds "in the same manner and time as though the supplemental . . . petition were the initial pleading in the action. . . ." Fla. R. Civ. P. 1.110(h). On the other hand, a civil contempt proceeding "is instituted and tried as a part of the main case." South Dade Farms, Inc. v. Peters, 88 *1187 So.2d 891, 899 (Fla.1956); see also Sprouse v. Sprouse, 408 So.2d 632, 633 (Fla. 5th DCA 1981); 11 Fla. Jur.2d Contempt § 24 (2008). Special venue statutes apply to petitions seeking to modify child custody and child support orders. Under section 61.13(2)(c), Florida Statutes (2007):
The circuit court in the county in which either parent and the child reside or the circuit court in which the original award of custody was entered have jurisdiction to modify an award of child custody. The court may change the venue in accordance with s. 47.122.
In an action to determine shared "parental responsibility, the court also rules on the visitation rights of the noncustodial parent." 3 Brenda M. Abrams, Florida Family Law § 52.24 (2007). For this reason, section 61.13(2)(c), Florida Statutes (2007) determines the venue in which petitions to modify visitation are brought. Lottinger-Serraes v. Serraes, 774 So.2d 959, 960-61 (Fla. 1st DCA 2001).
Where venue is proper in more than one county, the petitioner has the right to select one of the appropriate counties. See Washington v. Washington, 613 So.2d 594, 595 (Fla. 5th DCA 1993). If a modification petition is filed in an appropriate venue, it is improper to transfer it to another venue solely because venue is appropriate there as well. Id.; see also Amir v. Gannon, 896 So.2d 793, 794 (Fla. 5th DCA 2005).
Two of the ways venue may be changed are pertinent here. If a petition is brought in an improper venue, it may be transferred pursuant to Florida Rule of Civil Procedure 1.060(b).[3] An objection to improper venue "may be made by motion to abate or to transfer the action before the answer is served or by affirmative defense in the answer. If the defense is not raised at the earliest opportunity by motion or answer, it is waived." Henry P. Trawick, Jr., Trawick's Florida Practice and Procedure § 5:8 (2007-08 ed.); Fla. R. Civ. P. 1.140; Fixel v. Clevenger, 285 So.2d 687, 688 (Fla. 3d DCA 1973).
The trial court may also transfer venue under section 47.122, Florida Statutes (2007), for the purpose of convenience. This provisions states:
For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
The rule citations contained in Mother's motion suggest that Mother's motion was based on the contention that Marion County was an improper forum.[4] On the other hand, the "convenient forum" language indicates that Mother's motion was also based on the contention that Marion County was an inconvenient forum for the pending litigation.[5]
*1188 The trial court held a hearing on Mother's motion to transfer on August 14, 2007. There is no transcript of this hearing. On August 21, 2007, the trial court issued an order granting Mother's motion to transfer the entire case to St. Lucie County. In doing so, the trial court made the following findings:
2. The parties have one minor child in common, to wit: [the Child], who was born on November 28, 2000.
3. The Parties' minor child never lived in Marion County, except for a one month period subsequent to her birth in 2000.
4. The Final Judgment of dissolution of marriage was entered on March 22, 2001, at a time that the minor child no longer resided in Marion County.
5. As the Former Wife and the parties' minor child reside in St. Lucie County, St. Lucie County is the proper forum for this action.
The meaning of the trial court's order is not clear. It appears to be grounded on the notion that Marion County was an improper forum. The order does not, however, say why Marion County would be an improper forum. The order makes no reference to the issue of inconvenient forum nor does it address whether the convenience of the parties would be served by moving the whole case to St. Lucie and, if so, whether it could properly be moved there. Nevertheless, since venue of the proceedings was obviously proper in Marion County, transfer was possible only on the ground of inconvenient forum. We therefore consider the possibility that paragraph 5's reference to "proper" means "most convenient."
Because we have no transcript of the hearing, we cannot second-guess the factual basis for a forum non conveniens transfer. There remain two problems with the transfer, however. First, the court transferred a motion for contempt of a Marion County order to St. Lucie County. Yet, "[a]s a general rule, the power to punish for contempt rests with the court contemned, and one court cannot punish a contempt against another court." Graham v. State, 144 So.2d 97, 98 (Fla. 2d DCA 1962); see also 17 C.J.S. Contempt § 69 (2002) ("The court which renders the order . . . is alone vested with the right to determine, on a rule for contempt for failure to comply with the order, whether the order has been complied with or a sufficient reason given for failure to comply therewith.").
Even if it were possible to transfer a contempt motion to another county for convenience, a court should be very cautious about transferring a visitation proceeding to another county after visitation has already been adjudicated and the only issue before the court is enforcement of that order. Father selected Marion County as the venue for the visitation proceeding and Mother acquiesced. A person faced with a charge of contempt is unlikely to be comfortable having the proceeding moved from his chosen venue and from the court where the order at issue was entered in favor of a different venue chosen by his adversary. No adequate reason for a transfer of the contempt motion appears either in the transfer motion or in the transfer order.
As for the Wife's petition to modify child support, it appears that she could have brought the petition in St. Lucie County, but instead she chose to file in Marion County and then asked to move it to where she could have filed it anyway. It makes sense to say that a court will not entertain an argument that venue in Marion County *1189 is inconvenient and the child support modification should be moved to St. Lucie County when the movant is the one who chose to file in it Marion County instead of St. Lucie County. Nonetheless, nothing in the statute, as written, expressly forbids such a transfer, so after the contempt is disposed of in Marion County, the support issue can be moved to St. Lucie County, if there is a factual basis to do so.[6]
REVERSED and REMANDED.
TORPY and EVANDER, JJ., concur.
NOTES
[1] It appears that, at all relevant times, Father remained a Marion County resident.
[2] Among other things, Mother alleged in the motion that, on May 13, 2007, Father kept the child longer than he should have, "refused to inform [Mother] of his location with the minor child, provided false information regarding his destination, and refused [Mother] contact with the minor child." Father's description of events was significantly different.
[3] This rule provides:

Wrong Venue. When any action is filed laying venue in the wrong county, the court may transfer the action in the manner provided in rule 1.170(j) to the proper court in any county where it might have been brought in accordance with the venue statutes. When the venue might have been laid in 2 or more counties, the person bringing the action may select the county to which the action is transferred, but if no such selection is made, the matter shall be determined by the court.
Fla. R. Civ. P. 1.060(b) (2007).
[4] Florida Rule of Civil Procedure 1.060 governs transfers when "an action is pending in the wrong court of any county" or "[w]hen any action is filed laying venue in the wrong county." Florida Family Law Rule of Procedure 12.060 provides that "`[t]ransfers of actions shall be governed by Florida Rule of Civil Procedure 1.060.'"
[5] Section 47.122, Florida Statutes (2007) provides:

For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[6] The limited allegations that could apply to a "convenience" transfer contained in Wife's motion appear to relate to the issue of contempt.