994 So.2d 1242 (2008)
Anne VITALE, Appellant,
v.
Alexander F. VITALE, Appellee.
No. 4D08-145.
District Court of Appeal of Florida, Fourth District.
November 19, 2008.
Christopher N. Link of Christopher N. Link, P.A., Plantation, for appellant.
Alexander F. Vitale, Naples, pro se.
FARMER, J.
Mother appeals an order transferring venue from Broward County to Collier County in a child custody modification proceeding. We reverse.
Mother and father's marriage was dissolved by final judgment in Broward County. The judgment approved an agreement that mother would be the primary residential parent of their two minor children in Broward County. Mother later relocated with the children to North Carolina. Father relocated to Collier County.
Father initiated proceedings in Broward County to modify the final judgment as to *1243 custody and visitation. He then filed a motion to transfer venue to Collier County on the basis that Broward County was no longer a convenient forum. He argued that neither of the parties lived in Broward County any longer, that his potential witnesses lived in Collier County, that Collier County was more convenient. After a hearing, the trial court granted the motion, finding that Broward was not a convenient forum because the parties had not lived in Broward for several years.
The applicable venue statute provides that in modification of child custody proceedings, venue may be laid where either parent resides with the child or where the final judgment was rendered. § 61.13(2)(c), Fla. Stat. (2008). The statute also authorizes a change of venue under Florida's forum non conveniens (FNC) statute. § 47.122, Fla. Stat. (2008). The FNC statute permits a trial court to transfer an action on specified grounds but only to a court "in which it might have been brought". § 47.122, Fla. Stat. (2008).
The question is therefore whether father might initially have brought the modification proceeding in Collier County. Under section 61.13(2)(c), the modification proceedings could have been brought only in one of two placesnamely in North Carolina where mother resides with the children or in Broward County where the final judgment was entered. Neither parent has ever resided with the children in Collier County. Nor is Collier County the place where the final judgment awarding custody was entered. Collier County does not qualify as either of the two places authorized by section 61.13(2)(c).
Ordinarily we review orders transferring venue under the FNC statute for abuse of discretion. Stanek-Cousins v. State, 912 So.2d 43 (Fla. 4th DCA 2005); D.M. v. J.D.M. ex rel. C.F., 814 So.2d 1112 (Fla. 4th DCA 2002). But discretion under the FNC statute is not open-ended. Transfers under the FNC statute are permitted only to venues authorized by the venue statutes. It is legal error and thus fundamentally an abuse of discretion to choose an alternative not permitted by statute.
Accordingly venue is improper in Collier County. The trial court should have denied the request under the FNC statute to transfer venue.
Reversed.
GROSS and DAMOORGIAN, JJ., concur.