STEVENSON, J.
 

 The plaintiff below, Juana Cardelles, the personal representative of decedent Mateo Cardelles, appeals the trial court’s non-final order transferring venue from Bro-ward County to Dade County on the basis of
 
 forum non conveniens.
 
 We reverse and remand because the defendant below, Catholic Health Services, failed to establish through an affidavit or other evidence substantial inconvenience or undue expense requiring a change for the convenience of the parties or witnesses.
 

 Catholic Health Services owned and operated properties in Broward, Dade and Monroe Counties, including St. Anne’s Nursing Center in Dade County where Mateo passed away. Juana filed a wrongful death and medical negligence complaint in Broward County against Catholic Health Services, St. Anne’s, its administrator Anthony Farinella, who was a Broward County resident, and Mateo’s physician at St. Anne’s, Francisco Cruz, M.D., who was a Dade County resident. Cruz filed a motion, joined by the other defendants, seeking to transfer venue from Broward County to Dade County based on
 
 forum non conveniens.
 
 The motion argued that the actions which are the subjects of the litigation occurred in Dade County, discovery will occur in Dade County, the witnesses are located in Dade County, and Farinella, the Broward County resident, was sued in his capacity as the administrator of St. Anne’s in Dade County. The trial court granted the motion.
 

 The parties agree that Broward County is a proper venue because Farinella resides there.
 
 See
 
 § 47.011, Fla. Stat. (2008). The parties also agree that Juana could have filed her complaint in Dade County where Cruz is a resident,
 
 see
 
 section 47.021, Florida Statutes (2008), and where the causes of action accrued as St. Anne’s is located there,
 
 see
 
 section 47.051,
 
 *1027
 
 Florida Statutes (2008). The
 
 forum non conveniens
 
 statute, section 47.122, Florida Statutes (2008), provides that “[flor the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.”
 

 “Under the
 
 forum non conve-niens
 
 statute, a plaintiffs forum selection is presumptively correct and the burden is on the defendant to show either substantial inconvenience or that undue expense requires change for the convenience of the parties or witnesses.”
 
 Eggers v. Eggers,
 
 776 So.2d 1096, 1098 (Fla. 5th DCA 2001). Generally, “ ‘when
 
 & forum non conveniens
 
 challenge is raised, it is incumbent upon the parties to submit affidavits or other evidence that will shed necessary light on the issue of the convenience of the parties and witnesses and the interest of justice.’ ”
 
 Wynn Drywall, Inc. v. Aequicap Program Adm’rs, Inc.,
 
 953 So.2d 28, 30 (Fla. 4th DCA 2007) (quoting
 
 Eggers,
 
 776 So.2d at 1098). “The only exception would be where the complaint itself shows on its face that a
 
 forum non conveniens
 
 transfer is warranted.”
 
 Ground Improvement Techniques, Inc. v. Merchs. Bonding Co.,
 
 707 So.2d 1138, 1139 (Fla. 5th DCA 1998).
 

 We find that Juana’s complaint does not warrant, on its face, a
 
 forum non conve-niens
 
 transfer. Thus, the trial court erred in failing to request an affidavit from the defendants, and we reverse and remand without prejudice for the defendants to file an affidavit in accordance with this opinion.
 

 Reversed and remanded.
 

 POLEN and DAMOORGIAN, JJ„ concur.