MORRIS, Judge.
 

 Scott Alan Fast appeals a nonfinal order which transferred a child custody modification proceeding from Collier County to Suwannee County. Because there is no indication in the record that the trial court made the necessary findings for the change in venue, we reverse.
 

 In this case, venue was proper in both Collier County and Suwannee County.
 
 [1]
 
 However, Nelson sought to have the case transferred to Suwannee County on the basis of the forum non conveniens statute. Section 47.122, Florida Statutes (2008), provides that “[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.”
 
 [2]
 
 Prior to granting a change in venue pursuant to section 47.122, a trial court must make a finding of substantial inconvenience or undue expense.
 
 See Kirchhoff v. Scott,
 
 736 So.2d 786, 788 (Fla. 2d DCA 1999).
 

 Unfortunately, the trial court’s written order does not contain any findings as to the basis for the change in venue and the record on appeal does not contain a transcript of the hearing or an acceptable substitute. Typically, where a trial court’s order is devoid of required findings and the appellant has failed to provide this court with a transcript or stipulated statement of the facts, we would be constrained to affirm because it would ordinarily be impossible for the appellant to establish that an asserted error is harmful.
 
 Esaw v. Esaw,
 
 965 So.2d 1261, 1265 (Fla. 2d DCA 2007),
 
 review denied,
 
 981 So.2d 1199 (Fla.2008) (table);
 
 see also Guntner v. Jennings,
 
 980 So.2d 1185, 1188 (Fla. 5th DCA 2008) (holding that without a transcript or stipulated statement of facts, the court “cannot second-guess the factual basis for a forum non conveniens transfer”).
 

 Yet, in this case,
 
 both
 
 Fast and Nelson confirmed that at the hearing, the trial court reserved ruling on the motion to change venue. Thus it is undisputed that the trial court did not orally pronounce the required findings of substantial inconvenience or undue expense. Accordingly, because the trial court failed to either orally pronounce the required findings or to include them in its written order, we must reverse and remand for the trial court to make such findings if supported by the evidence.
 
 See Kirchhoff,
 
 736 So.2d at 788.
 

 Reversed and remanded.
 

 DAVIS and VILLANTI, JJ., Concur.
 

 [1]
 

 . Venue was proper in Collier County because the original judgment of dissolution of marriage was entered there and Fast resided there with the parties’ then-minor son.
 
 See
 
 § 61.13(2)(d), Fla. Stat. (2008). Venue was also proper in Suwannee County because Nelson resided there with the parties’ minor daughter.
 
 See id.
 

 [2]
 

 .
 
 See also
 
 § 61.13(2)(d) (providing that in modification proceedings, "[tjhe court may change the venue in accordance with s. 47.122”).