PER CURIAM.
This appeal stems from a notice of administration served on the appellants, Dominic Pasquale, Jr., and his brother, Anthony Pasquale, regarding administration of the estate of Mary N. Porter (“the decedent”) based on a will executed in 2005. In response, the Pasquales filed a four-count complaint challenging the validity of “estate planning” and “testamentary documents executed after the year 2000” by the decedent. The trial court concluded that the complaint did not constitute a will contest and dismissed it with prejudice. We find that the first three counts of the complaint sufficiently demonstrated a contest of the will and reverse as to dismissal of those counts. The fourth count alleged exploitation of a vulnerable adult and was properly dismissed by the trial court for lack of standing by appellants to assert the claim.
The decedent died on August 19, 2009, at the age of 98. The notice of administration advised that the decedent’s will, dated October 10, 2005, and codicil, dated October 12, 2005, had been admitted to probate. Dominic Pasquale, Jr., was required to file an objection to the will by February 6, 2010, and Anthony Pasquale by February 13, 2010. On January 20, 2010, the Pasquales filed a complaint against the appellees, Jack R. Loving, individually and as trustee, Ziad E. Habay-eb, individually and as trustee and Scott M. Stewart, individually. Also on January 20, 2010, the Pasquales filed a notice of independent action stating that a claim had been “filed against the estate of [the decedent] regarding all Trust Documents and Amendments thereto and the probate administration,” and a declaration that the “proceeding to probate the Last Will and Testament of [the decedent]” was adversary.
On February 10, 2010, prior to an answer being filed, the Pasquales filed an amended complaint adding CitiGroup, as trustee and personal representative of the estate, as a defendant. The amended complaint also contained an allegation identifying CitiGroup, but in all other respects was identical to the original complaint. The “subject matter” of the amended complaint “involve[d] the incapacity and testamentary capacity of [the decedent].” It alleged that she executed a will in 1991, leaving substantial bequests to each Pasquale brother and an irrevocable trust in 1999 for the benefit of the Pasquales and an individual named “George Jiminez,” also listed as “George Jimenez.” The amended complaint then listed thirteen trust amendments and will codicils made by the dece *1207 dent between 1991 and 2007 that resulted in revocation of the bequests to the Pa-squales and reduction of the trust res. The 2005 will was not specifically included in this list, even though it contained a provision which revoked and terminated “[a]ll interests” of the Pasquales under the trust. The Pasquales alleged in their complaint that Jimenez met the decedent in 1997 and acted in concert with Habayeb and Stewart to exert undue influence over her, causing her to modify her “testamentary plan” and “testamentary documents executed after the year 2000” for their benefit. Four counts were included. Count I alleged tortious interference with expectancy and sought a determination that all testamentary documents executed after 2000 were null and void. Count II alleged that the decedent lacked testamentary capacity and sought revocation of a restated trust executed in 2004 and reinsti-tution of the 1999 trust. Count III alleged fraud, duress and undue influence and sought revocation of administration of the amended and restated trust and its amendments. Count V[1] alleged exploitation of a vulnerable adult and sought damages. Ci-tiGroup was served with a copy of the amended complaint.
Each defendant filed a motion to dismiss, arguing multiple grounds for dismissal, including that the Pasquales failed to timely contest the will because neither the complaint, nor the amended complaint, could be considered a will contest. Dismissal as to count V was sought based on the Pasquales lack of standing. The trial court granted the motions to dismiss counts I — III, reasoning that the complaint focused on the trust and did not even name the 2005 will. A trial court’s order of dismissal is reviewed de novo. See Horton v. Freeman, 917 So.2d 1064, 1066 (Fla. 4th DCA 2006).
We note, first, that the Pasquales could not challenge the validity of the trust without also contesting the will. The trust was incorporated by reference into the 2005 will. See Lewis v. SunTrust Bank, Miami, N.A., 698 So.2d 1276, 1277 (Fla. 3d DCA 1997) (“A writing in existence when a will is executed may be incorporated by reference if the language of the will manifests this intent and describes the writing sufficiently to permit identification.”) (quoting section 732.512(1), Florida Statutes (1995)). The 2005 will states:
I give all the residue of my estate, including my homestead, to the Trustee then serving under my revocable Trust Agreement dated October 26, 1999, as amended or hereafter amended (the “Existing Trust”), as Trustee without bond, but I do not exercise any powers of appointment held by me except as provided in the later paragraph titled “Death Costs.” The residue shall be added to and become a part of the Existing Trust, and shall be held under the provisions of said Agreement in effect at my death, or if this is not permitted by applicable law or the Existing Trust is not then in existence, under the provisions of said Agreement as existing today. If necessary to give effect to this gift, but not otherwise, said Agreement as existing today is incorporated herein by reference.
Because the trust was incorporated into the will, the Pasquales could not properly challenge the validity of the trust while adequate remedies were available at probate. See DeWitt v. Duce, 408 So.2d 216, 218 (Fla.1981) (“[I]f adequate relief is available in a probate proceeding, then that remedy must be exhausted before a tortious interference claim may be pursued.”); cf. Martin v. Martin, 687 So.2d *1208 903, 906 (Fla. 4th DCA 1997) (appellants who sought to challenge trust on grounds of tortious interference were left with no adequate remedy at probate where pour-over provision in will was insufficient to incorporate trust; will and trust documents were executed two years apart; and any finding that decedent was susceptible to undue influence on one date would not be conclusive as to other). Rather, the will and trust must be read together. See In re Estate of Baer, 446 So.2d 1128, 1129 (Fla. 4th DCA 1984) (holding that “terms of the trust were incorporated in the will by reference as an integral part of the will; and that, in the absence of evidence that the testator clearly manifested a contrary intention, they continued to set forth the testator’s distribution plan even though the former had lost its independent legal significance”).
While the complaint at issue is not a model of clarity, we find that it adequately constituted a will contest. “A petition for revocation of probate shall state the interest of the petitioner in the estate and the facts constituting the grounds on which revocation is demanded.” Fla. Prob. R. 5.270(a). “All technical forms of pleadings are abolished” and “[n]o defect of forms impairs substantial rights.” Fla. Prob. R. 5.020(a). Though the complaint does not specifically identify the 2005 will, count I challenges the validity of all testamentary documents executed after 2000; count II alleges that the decedent “lacked the testamentary capacity to validly amend her estate planning documents”; and count III alleges undue influence and requests that attorneys’ fees be paid from “the estate.” Additionally, the complaint was filed in response to the notice of administration of the 2005 will, wherein the decedent completely revoked the Pasquales’ interest in the trust. Compare Feather v. Sanko’s Estate, 390 So.2d 746, 747 (Fla. 5th DCA 1980) (interpreting older version of probate code, finding that pleading filed by decedent’s disinherited child, entitled “Notice of Appearance,” was sufficient to contest will where pleading stated that she had interest in estate, and the will at issue disinherited her, making it clear that she opposed it). The alternate grounds raised by the appellees in their motions to dismiss do not support dismissal with prejudice.
Lastly, count V was correctly dismissed because appellants lacked standing. See § 415.1111, Fla. Stat. (2009) (stating that an action for a vulnerable adult who has been exploited “may be brought by the vulnerable adult, or that person’s guardian, by a person or organization acting on behalf of the vulnerable adult with the consent of that person or that person’s guardian, or by the personal representative of the estate of a deceased victim”).
Accordingly, we reverse the dismissal as to counts I, II and III. In reversing and remanding this cause for further proceedings, we, of course, express no opinion as to the merits of appellants’ petition for revocation of probate.

Reversed, in part, and remanded.

STEVENSON, HAZOURI and LEVINE, JJ., concur.

. The fourth count is, apparently inadvertently, identified as “count V” in the complaint.