PER CURIAM.
At issue is a non-final order transferring venue of this divorce case from Leon County to Miami-Dade County. See Fla. R. App. P. 9.130(a)(3)(A). For the reasons discussed below, we reverse.
This divorce proceeding was initiated in September 2013 by Former Husband in Leon County, where, according to both parties’ Uniform Child Custody Jurisdiction and Enforcement Act (“UCCJEA”) affidavits, the parties lived as a married couple with their minor child. During September 2013, Former Husband and Former Wife got into a heated argument, and Former Husband attempted to leave the marital home with the minor child. When Former Wife tried to stop him, according to the ensuing probable cause affidavit for his arrest, he punched her in the face multiple times. Former Husband was arrested for domestic abuse, and an investigation by the Department of Children and Families (“DCF”) ensued. In the meantime, Former Wife left Leon County to stay with her mother in Miami-Dade County, and the DCF investigation was transferred there; she also sought and received, a temporary injunction against domestic violence against Former Husband from the Miami-Dade Circuit Court.
The day after the Miami-Dade Court issued the temporary injunction, the Leon County Court, based upon Former Husband’s emergency motion for child pick up, granted the motion. The conflicting orders prompted the Miami-Dade Court to contact the Leon County Court, and after “conferring on the matter” the Leon County Court stayed the child pick-up order, explaining that: (1) Former Wife was not served when the court heard the petition; (2) the court was unaware of the DCF investigation into allegations of domestic violence against Former Husband; (3) the court was unaware that the Miami-Dade Court had entered a domestic violence injunction against Former Husband with the return hearing scheduled for October 9, 2013; and (4) the court found it in the best interest of the child to stay the action until a ruling was made on the Miami-Dade domestic violence injunction.
On October 4, 2013, Former Wife filed a motion for transfer of venue of the divorce proceedings from Leon to Miami-Dade, citing as reasons, among others, that the child was enrolled in school and she was employed in the community; she was “forced” to move because of Former Husband’s violence; there was a pending domestic violence case in Miami-Dade against Former Husband; and it would be an “extreme hardship” for her to litigate in Leon County. The certificate of service indicated the motion was filed electronically by email to Former Husband’s attorney, to the same email address the attorney *957 had sent and received filings before and since. Former Husband did not ask for a hearing, and eleven days after Former Wife’s motion to transfer venue, the trial court granted it, noting simply that it had “considered the request, reviewed the court record, and considered all relevant factors[.]” This timely appeal follows.
Venue transfer orders are reviewed for an abuse of discretion. Mgmt. Computer Controls, Inc. v. Charles Perry Constr., Inc., 743 So.2d 627 (Fla. 1st DCA 1999). We begin by noting that venue is proper where the defendant is domiciled, where the cause of action accrued, or where the property in litigation is located. § 47.011, Fla. Stat. (2013). “In a dissolution of marriage action, the trial court is to look to the single county where ‘the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married, indefinitely if not permanently.’” Crawford v. Crawford, 415 So.2d 870, 870 (Fla. 1st DCA 1982) (citing Carroll v. Carroll, 341 So.2d 771, 772 (Fla.1977)). But a court may transfer any civil action “to any other court of record in which it might have been brought” for the convenience of the parties or witnesses or the interest of justice. § 47.122, Fla. Stat. (emphasis added). See also § 61.13(2)(d), Fla. Stat. (providing that in modification proceedings “[t]he court may change the venue in accordance with s. 47.122.”).
As the party bearing the burden of demonstrating that venue is proper in Miami-Dade County, Former Wife pieces together a panoply of proof in the record she claims supports affirming the order on appeal, which, she claims, is based upon either the “convenience of the parties” or is “in the interests of justice.” This proof includes that:
(1)All the teachers, therapists, counselors, GALs, DCF workers who interacted with the child following the domestic violence are all in Miami-Dade, as well as the records of the child’s interviews, therapy, counselling, and schooling;
(2) Former Wife was forced to flee to Miami for her and the child’s safety due to Former Husband’s violence;
(3) The financial burden of Former Wife traveling to Leon County to litigate the dissolution;
(4) The Leon County arrest/probable cause affidavit of Former Husband;
(5) Former Wife’s Petition for Injunction of Protection against Domestic Violence;
(6) The Miami-Dade County circuit court’s issuance of a Temporary Injunction against Domestic Violence in Former Wife’s favor against Former Husband; and
(7) Former Wife’s motion to transfer venue.
While we sympathize with Former Wife’s arguments, they fail for two main reasons. First, nothing in the order on appeal states that the order was granted based on either of the reasons permitted in the transfer statute. “Prior to granting a change of venue pursuant to section 47.122, a trial court must make a finding of substantial inconvenience or undue expense.” Fast v. Nelson, 22 So.3d 109, 110 (Fla. 2d DCA 2009). While the trial court may have envisioned making such a finding based upon the language in the order stating that the court had “considered the request, reviewed the record, and considered all relevant factors[,]” the fact remains that the court did not consider the applicability of section 47.122 in its ruling.
Second, and more importantly, is the fact that the transfer statute — despite providing reasons a case may be transferred — expressly limits the ability of a court to transfer a case to “any other court *958 of record in which [the proceeding] might have been brought.” § 47.122, Fla. Stat. (emphasis added); see also Kinney Sys. v. Cont'l Ins. Co., 674 So.2d 86, 90 (Fla.1996) (establishing a four-step analysis to resolve issue of forum non conveniens, which requires the court to consider, inter alia, “ ‘whether an adequate alternative forum exists which possesses jurisdiction over the whole case,’ ” including the parties.) (internal citations omitted); Fla. R. Civ. P. 1.061(a) (codifying Kinney).
 The limitation of the transfer to “any other court of record in which it might have been brought” in section 47.122, means that any transfer is limited to a county that would have been a proper venue initially. Vitale v. Vitale, 994 So.2d 1242 (Fla. 4th DCA 2008); Tindall v. Smith, 601 So.2d 627 (Fla. 2d DCA 1992). A court cannot transfer venue for the convenience of the parties or witnesses, or in the interests of justice, to a forum that would not have been appropriate for the filing of the complaint or petition in the first place.
Here, a review of the parties’ UC-CJEA affidavits reveals that neither has ever lived in Miami-Dade County. It was error for the trial court to transfer the case to that county because Leon County was the only appropriate forum where an action for divorce could have been brought. Carroll, 341 So.2d at 772. A statutory prohibition bars a second change of venue transferring a case back to the court that originally transferred it. § 47.131, Fla. Stat. An exception to this statutory prohibition is where the initial transferor court is the only one where venue is lawful, which applies here. Lottinger-Serraes v. Serraes, 774 So.2d 959, 961 (Fla. 1st DCA 2001). Because this case returns to Leon County, the Former Husband’s due process claim (i.e., that he was denied a hearing on the venue issue) need not be addressed.
In closing, we briefly note that it appears that child custody will be an issue in the underlying divorce proceeding. In an action to determine shared parental responsibility, the trial court will also rule on the visitation rights of the non-custodial parent. Guntner v. Jennings, 980 So.2d 1185, 1187 (Fla. 5th DCA 2008) (citing 3 Brenda M. Abrams, Florida Family Law § 52.24 (2007)). Here, once the matter is returned to Leon County and the court resolves the underlying divorce proceeding, it will also determine the related time-sharing issue. Section 61.13(2)(d), will then determine the venue in which any petition to modify the visitation is brought, and that venue can be changed in accordance with section 47.122. See also Gunt-ner, 980 So.2d at 1187.
REVERSED and REMANDED for proceedings consistent with this opinion.
THOMAS, ROWE, and MAKAR, JJ., concur.