DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KAREN WINSLOW,**
Appellant,

v.

**MALLORY N. DECK,** as Personal Representative of
the Estate of MICHAEL S. DECK,
Appellee.

No. 4D16-4312

[August 2, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Charles M. Greene, Judge; L.T. Case Nos. PRC16-2237 and PRC15-0002207.

Brandan J. Pratt and Jennifer L. Fox of Huth, Pratt & Milhauser, Boca Raton, for appellant.

Rohan Kelley of The Kelley Law Firm, PL, Fort Lauderdale, for appellee.

KLINGENSMITH, J.

Appellant, Karen Winslow, appeals the trial court's order dismissing her counterpetition for administration with prejudice for failure to file a pleading satisfying the statutory requirements set forth in section 733.212(3), Florida Statutes (2013), within the applicable statute of limitations. Upon review of the pleadings filed by appellant, we find appellant's petition was not time-barred, and that the court erred by not affording her the opportunity to amend her petition.

The decedent drafted two wills that are at issue in this case. The first will was drafted in January 1991, leaving his entire estate to his two adult children. Several years later, the decedent befriended appellant and they began living together. Thereafter, the decedent drafted a second will in November 2014 containing language purporting to revoke all prior wills and leaving his entire estate to appellant. On May 7, 2015, shortly after the decedent passed away, his daughter Mallory

successfully petitioned the court to admit the first will to probate and to appoint her as the personal representative of the estate.

On May 27, 2015, appellant filed the second will. Two days later, she filed four additional documents with the court: 1) an emergency petition to revoke letters of administration; 2) a counterpetition for administration with the second will attached thereto; 3) an objection to Mallory's petition and an objection to her appointment as personal representative; and 4) a declaration that the probate proceeding was adversary. Less than a month later, the court entered an order denying appellant's emergency petition without prejudice and upholding the letters of administration issued for the first will.

More than a year later, Mallory moved to dismiss appellant's counterpetition with prejudice, arguing that appellant lacked standing to contest the first will. In the motion, Mallory asserted that after receiving notice that the decedent's estate would be administered in accordance with the first will, appellant had three months to object to the probate of the first will. Mallory alleged that although appellant immediately filed an emergency petition and counterpetition, appellant failed to file any pleading that specifically requested the first will be revoked. Appellant responded by arguing that the court should deny the motion to dismiss, or alternatively, grant the motion but with leave to amend the counterpetition.

The court ultimately entered a final order dismissing the counterpetition with prejudice, ruling that neither the emergency petition nor the counterpetition satisfied the statutory requirements of section 733.212(3) for failure to adequately request relief. This appeal followed.

"A trial court's order of dismissal is reviewed de novo." *Pasquale v. Loving*, 82 So. 3d 1205, 1207 (Fla. 4th DCA 2012). "In determining whether to dismiss a complaint for lack of standing, we must confine our review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept all well-pled allegations in the complaint as true." *Gordon v. Kleinman*, 120 So. 3d 120, 121 (Fla. 4th DCA 2013) (quoting *Wheeler v. Powers*, 972 So. 2d 285, 288 (Fla. 5th DCA 2008)). "[E]xhibits attached to a complaint 'are encompassed within the four corners of the complaint and must be considered therewith' on a motion to dismiss." *Chandler v. City Of Greenacres*, 140 So. 3d 1080, 1083 (Fla. 4th DCA 2014) (quoting *Abele v. Sawyer*, 750 So. 2d 70, 74 (Fla. 4th DCA 1999)); *see also* Fla. R. Civ. P. 1.130(b) ("Any exhibit attached to a pleading shall be considered a part thereof for all purposes.").

Pursuant to section 733.212(3), interested parties are barred from requesting the court to revoke the probate of a will if they fail to object to the validity of the will within three months of receiving notice:

> Any interested person on whom a copy of the notice of administration is served must object to the validity of the will, the qualifications of the personal representative, the venue, or the jurisdiction of the court by filing a petition or other pleading requesting relief in accordance with the Florida Probate Rules on or before the date that is 3 months after the date of service of a copy of the notice of administration on the objecting person, or those objections are forever barred.

§ 733.212(3), Fla. Stat. (2013).  Section 733.208, Florida Statutes (2002), provides that after discovering a later will, "any interested person may petition to revoke the probate of the earlier will or to probate the later will or codicil."  An "interested person" is "any person who may reasonably be expected to be affected by the outcome of the particular proceeding involved."  § 731.201(23), Fla. Stat. (2013).

Florida Probate Rule 5.020(a) provides that "[a]ll technical forms of pleadings are abolished.  No defect of form impairs substantial rights, and no defect in the statement of jurisdictional facts actually existing renders any proceeding void."  Moreover, after an interested person petitions the court to probate a later will or requests to revoke an earlier will, the proceedings are declared adversarial and the Florida Rules of Civil Procedure govern the proceedings.  *See* Fla. Prob. R. 5.025(d)(2).

As a general rule, trial courts should not prevent a petitioner from challenging a will because of a technical defect in the petitioner's pleading without allowing for a reasonable opportunity to amend.  *See Pasquale*, 82 So. 3d at 1208; *see also Feather v. Sanko's Estate*, 390 So. 2d 746, 747 (Fla. 5th DCA 1980) ("Although Feather's pleading might not have been sufficient to withstand a motion to strike, she should have been given a reasonable chance to amend or file further pleadings, rather than suffer what amounts to a default judgment against her claim.").  The law is clear that trial courts must liberally construe court rules to allow parties to freely amend their pleadings in the interests of justice:

> Florida Rule of Civil Procedure 1.190(a), which governs amendments to pleadings, "reflect[s] a clear policy that, absent exceptional circumstances, requests for leave to amend pleadings should be granted."  *Thompson v. Jared*

> *Kane Co.*, 872 So. 2d 356, 360 (Fla. 2d DCA 2004). "A trial court's refusal to allow amendment . . . generally constitutes an abuse of discretion 'unless the privilege has been abused, there is prejudice to the opposing party, or amendment would be futile.'" *PNC Bank, N.A. v. Progressive Emp'r Servs. II*, 55 So. 3d 655, 660 (Fla. 4th DCA 2011) (quoting *Fields v. Klein*, 946 So. 2d 119, 121 (Fla. 4th DCA 2007)).

*Fed. Home Loan Mortg. Corp. v. Beekman*, 174 So. 3d 472, 474 n.1 (Fla. 4th DCA 2015).

Even though neither the emergency petition nor the counterpetition were models of clarity, they were nevertheless sufficient to withstand a motion to dismiss. In the emergency petition, appellant asserted that the first will was not the last will of the decedent, that she filed a counterpetition to admit the second will to probate, and that issuing letters of administration for the first will was improper since the second will revoked all prior wills. In the counterpetition, appellant attached the second will, claimed that it was properly executed, and requested an independent personal representative be appointed. Thus, as it is clear from the allegations contained in these filings that appellant sought to revoke the probate of the first will and admit the second will, appellant satisfied both sections 733.208 and 733.212(3) despite technically failing to properly request relief. *See* Fla. Prob. R. 5.020(a).

Further, by finding that appellant's pleadings were insufficient under section 733.212(3), the court should have granted the motion to dismiss but with leave to amend the counterpetition to incorporate a proper request for relief. *See* Fla. R. Civ. P. 1.190(a); *Samuels v. King Motor Co. of Fort Lauderdale*, 782 So. 2d 489, 501 (Fla. 4th DCA 2001).

Nothing in the record indicates that appellant abused the privilege to amend, there would have been prejudice to Mallory by permitting leave to amend, or the amendment would have been futile. *See Beekman*, 174 So. 3d at 474 n.1. Given that appellant made her first and only request for leave to amend the counterpetition shortly after Mallory filed her motion to dismiss, clearly appellant did not abuse the privilege to amend. Granting the opportunity to amend would not have prejudiced Mallory because she was aware of the gravamen of appellant's two petitions. Indeed, for over a year after the counterpetition was filed, Mallory participated in discovery, conducted depositions, and even requested that a handwriting expert inspect the second will for forgery. Allowing appellant to amend her counterpetition to include a proper request for relief, therefore, would have only confirmed what Mallory already knew —

that appellant was hoping to revoke the probate for the first will, and instead admit the second will. Finally, appellant's amendment to her counterpetition would not have not been futile. As the sole beneficiary named in the second will, appellant was unquestionably an interested person in the decedent's estate who had a right to challenge the probate administration of the decedent's first will. *See Feather*, 390 So. 2d at 747.

Accordingly, we reverse the trial court's dismissal of appellant's counterpetition, and remand with instructions for the court to grant appellant's request for leave to amend her counterpetition to incorporate a proper request for relief. Because appellant filed the original counterpetition within three months after receiving notice of the administration of the decedent's estate, she is not time-barred by section 733.212(3) since her amended counterpetition will relate back to the date she filed the original. *See* Fla. R. Civ. P. 1.190(c) ("When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.").

*Reversed and Remanded.*

CIKLIN, J., and METZGER, ELIZABETH A., Associate Judge, concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***