# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2869

_____

ASHLEY KNAPP,

    Appellant,

    v.

BRIAN KNAPP,

    Appellee.

_____

On appeal from the Circuit Court for Bradford County.
Stanley H. Griffis, III, Judge.

February 28, 2019

WINOKUR, J.

Ashley Knapp (the former wife) appeals a final judgment dissolving her marriage with Brian Knapp (the former husband), entered in the Circuit Court for Bradford County. We agree that the trial court erred in computing the former husband's child support obligation, which compels reversal.[1]

---

[1] We reject the former wife's argument that the trial court erred by denying her rehearing based on her allegation of intrinsic fraud, as well as her argument that the trial court erred in using the husband's current income rather than his assumed income following an anticipated promotion.

First, we find that the trial court did not err in rejecting the former wife's venue argument.[2] Before the final hearing, the former wife alleged that she and her children lived in St. Lucie County and that the former husband did not live in Bradford County. But the fact that neither of the parties resided in Bradford County was not, in itself, a basis to rule that venue was improper there. In a dissolution of marriage action, venue lies with "the single county where 'the intact marriage was last evidenced by a continuing union of partners who intended to remain and to remain married, indefinitely if not permanently.'" *Crawford v. Crawford*, 415 So. 2d 870, 870 (Fla. 1st DCA 1982) (quoting *Carroll v. Carroll*, 322 So. 2d 53, 57 (Fla. 1st DCA 1975)); *see also McGee v. McGee*, 145 So. 3d 955, 957 (Fla. 1st DCA 2014). Because the former wife never made this argument to the trial court (at least prior to entry of the final order), she did not preserve it for appellate review.[3] *See Steinhorst v. State*, 412

_____

[2] We are perplexed by the contention of the dissent that the trial court failed to adjudge the former wife's argument that venue was improper in Bradford County. The former wife filed a motion to dismiss the petition "due to improper jurisdiction," asserting that the divorce should be litigated in St. Lucie County. In her answer to the petition, she referred to her motion "to change Jurisdiction/ Venue." It is clear that the former wife used "jurisdiction" and "venue" interchangeably, and that the "jurisdiction" motion contained, for the purposes of this appeal, her venue argument. The trial court filed an order denying the motion to dismiss, so there is no question that the court did adjudge the former wife's venue claim. Moreover, the dissent embraces a position the former wife does not take on appeal: The former wife's brief argues that the court "summarily denied the Motion without any explanation." She never argues—as the dissent now does—that "trial court did not explicitly rule on the matter."

[3] The dissent notes that the former wife alleged in her "legal papers" that the parties "never lived as a married couple" in Bradford County. This allegation could arguably have supported a change of venue, however the "legal paper" was a motion for rehearing after the final judgment was entered, and a claim that venue is improper "must be stated specifically and with

2

So. 2d 332, 338 (Fla. 1982). ("[I]n order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below."); *Hentze v. Denys*, 88 So. 3d 307, 310 (Fla. 1st DCA 2012) ("Because the objection at the hearing was on grounds different than the argument now put forth by the former husband, the present argument is not preserved."). Asking the court to transfer the case to St. Lucie County because she lived there and it would have been more convenient for her was not the same as arguing that Bradford County was the improper venue for this action. The court ruled on the argument before it, which was insufficient to change venue. It was not obligated to schedule a hearing on the improper motion to allow the former wife the chance to change the argument to something that may have been proper.

Second, the former wife argues the trial court erred in calculating child support. The former husband is on active duty in the United States Army. He testified that he is only guaranteed thirty days of leave per calendar year, but would have additional days when not deployed overseas; he was to deploy soon. The final judgment ordered timesharing during the former husband's thirty days of leave, and ordered that he should make best efforts to take his leave while the children are not in school. In addition to dividing time between the parents during Spring, Christmas, and Thanksgiving breaks, the trial court found that the former husband would receive additional leave days from "time to time" when not deployed, and the parties should work together to allow timesharing during these times. The trial court calculated child support on the basis of the children spending 120 overnights with the former husband and 245 with the former wife.

---

particularity in the responsive pleading or motion," or it is "deemed to be waived." Fla. Fam. L. R. P. 12.140(b)(3) & (7). As the former wife's counsel acknowledged, the "law leaves no doubt that a motion for rehearing is not the proper avenue to challenge a trial court's adverse ruling on venue . . . ." Nor is it the proper avenue to raise the proper argument for the first time.

The former wife argues that basing child support on the former husband spending 120 overnights with the children is unsupported by his testimony, as well as the final judgment's timesharing provisions. We agree. It is possible the former husband may spend more than thirty overnights with the children, but no evidence supports a number four times his guaranteed leave. The trial court must correct the husband's child support obligation by using a timesharing figure supported by competent, substantial evidence.

REVERSED and REMANDED.

WINSOR, J., concurs; MAKAR, J., dissents with opinion.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

MAKAR, J., dissenting.

The former wife—acting pro se—did almost all she could to present and argue that venue in this case should be transferred: she raised it in her answer/counter-petition (stating "Venue is not proper in Bradford County, Florida."), filed a separate motion seeking transfer and a hearing, raised the issue at the final hearing, and—after hiring legal counsel—moved for rehearing. But the venue transfer issue was never explicitly addressed or ruled upon; the trial court only ruled on its "jurisdiction," not whether venue was proper or ought to be transferred.

The former wife was acting pro se, and used the words "jurisdiction" and "venue" interchangeably at times, but her legal filings made it obvious throughout that she was seeking to move the case from Bradford County (where the former husband visits his mother sporadically when not deployed in his military position) to St. Lucie County (where the former wife and children have continuously lived for two years and where she would be subject to suit). § 47.011, Fla. Stat. (2019). The wife's pro se plea, that the case be lodged in the county where she and the children

4

reside (and where a local court can oversee a parenting plan and settlement agreement), versus in a county a four-hour drive away, where the former husband doesn't live and only occasionally visits his mother (and where, according to the former wife's legal papers, the former wife and former husband "never lived as a married couple" thereby precluding venue in the first instance; that they were married there doesn't support a finding that they lived there), *see Carroll v. Carroll*, 341 So. 2d 771, 772 (Fla. 1977) (venue lies in "county were both partners last present with a common intention to remain married")), presented a meritorious venue question for the trial court's consideration, one to which the former husband's lawyer did not even respond (former wife had written the lawyer, making clear she sought a change of venue) and one that was entitled to be liberally construed given her pro se status. *Ezem v. Fed. Nat. Mortg.*, 153 So. 3d 341, 343 (Fla. 1st DCA 2014) ("Because [litigant] is pro se, despite their lack of "magic words," [his] filings were entitled to be liberally construed to seek the proper relief. . . . But the trial court simply denied the motion.").

Because the trial court did not explicitly rule on the matter and thereby made no determination under the applicable standards, *see McGee v. McGee*, 145 So. 3d 955, 957 (Fla. 1st DCA 2014); §§ 47.011, 47.122 & 61.13(2)(d), Fla. Stat. (2019), I would reverse and require the issue of venue to be adjudged in the first instance. Nothing in the current record supports that venue in Bradford County is proper; if nothing changes on remand, the case should be transferred to St. Lucie County.

––––––––––––––––––––––––

Jonathan M. Galler of the Law Office of Jonathan M. Galler, P.A., Boynton Beach, for Appellant.

No appearance for Appellee.