DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIA S. COHEN** f/k/a **MARIA RICHTER,** Individually and as Successor Co-Trustee and **LISA BERMAN,** Individually and as Successor Co-Trustee,
Appellants,

v.

**GABRIEL SCARNATO** and **PORTIA M. RINDOSH** n/k/a **PORTIA M. RICCIO,**
Appellees.

No. 4D18-3654

[April 10, 2019]

Appeal of a non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Peter M. Weinstein, Judge; L.T. Case Nos. PRC-16-1422, PRC-16-1525.

Casey W. Mills of Casey W. Mills, P.A., Fort Lauderdale, for appellants.

Gabriel Scarnato, Palm Coast, pro se.

PER CURIAM.

In this non-final appeal, we review an order transferring two consolidated trust disputes from Broward County to Flagler County under section 47.122, Florida Statutes (2018). We reverse for two reasons: first, because there was insufficent evidence that a change of venue was necessary, and second, because the trial court failed to consider whether Flagler County was a proper venue for the trust cases.

In 1992, Portia Rindosh executed a will and revocable trust in Broward County. She appointed herself as trustee and named her son, daughter, and granddaughter as beneficiaries under the trust. She later resigned as trustee, at which time her daughter and granddaughter became successor co-trustees under the terms of the trust.

The trust disputes began in 2016, after Portia amended the trust to terminate her daughter and granddaughter as co-trustees and name her son as the sole beneficiary of the trust. The daughter and granddaughter

filed a complaint against Portia and her son in Broward County, seeking a declaratory judgment that Portia lacked the capacity to amend the trust. Consequently, Portia filed a separate complaint against her daughter and granddaughter alleging that they had mismanaged the trust. The two complaints were consolidated.

While the trust disputes were pending in Broward County, Portia executed a new will and trust in Flagler County. She expressly revoked the 1992 trust and thereby excluded her daughter and granddaughter as beneficiaries. Portia died a few months later, and her son filed a petition for administration of the new will in Flagler County. The daughter and granddaughter objected to this petition and deposited the 1992 will in Broward County. Neither will has been admitted to probate.

Thereafter, the son moved to transfer the Broward County trust disputes to Flagler County. The trial court recognized that Broward County was a proper venue for the trust disputes but decided that they should be transferred "in the interest of justice and judicial economy" because Flagler County was the only proper venue for the administration of Portia's estate. The daughter and granddaughter appealed.

Section 47.122 provides that "[f]or the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought." The party seeking a transfer under this section must submit affidavits or other evidence to show that a change of venue is necessary for the convenience of the parties or witnesses or in the interest of justice. *See Cardelles v. Catholic Health Servs., Inc.*, 14 So. 3d 1025, 1027 (Fla. 4th DCA 2009). Even after this showing is made, a court may transfer venue only to a court where the action could have been filed initially. *See McGee v. McGee*, 145 So. 3d 955, 958 (Fla. 1st DCA 2014); *Vitale v. Vitale*, 994 So. 2d 1242, 1243 (Fla. 4th DCA 2008).

We generally review an order transferring venue under section 47.122 for an abuse of discretion. *See Vitale*, 994 So. 2d at 1243; *Weinberg v. Weinberg*, 936 So. 2d 707, 708 (Fla. 4th DCA 2006). But "where there are no disputed facts and the venue order turns on a question of law," our review is de novo. *Weinberg*, 936 So. 2d at 708.

Here, the trial court erred in transferring the trust disputes to Flagler County because there was insufficient evidence presented to show that a change of venue was necessary for the convenience of the parties or witnesses or in the interest of justice. *See Cardelles*, 14 So. 3d at 1027. The son primarily argued that the trust disputes should be transferred

because they cannot be resolved until the Flagler County court determines whether the new will and trust are valid. However, this argument is unpersuasive because any potential injustice can be avoided by abating the trust cases until the will contest is resolved. *See* Fla. R. Civ. P. 1.260(a)(1); *Schaeffler v. Deych*, 38 So. 3d 796, 799-800 (Fla. 4th DCA 2010).

The trial court also erred in transferring the trust disputes to Flagler County without considering whether they could have been filed in that venue initially. In its order the trial court primarily relied on our holding in *Pasquale v. Loving*, 82 So. 3d 1205, 1207 (Fla. 4th DCA 2012), that when a trust is incorporated by reference into a will, a party cannot "challenge the validity of the trust without also contesting the will." However, the court's reliance on *Pasquale* was misplaced because venue was not at issue there. *See id.* No other basis for venue in Flagler County can be determined from this record.

For these reasons, we reverse the trial court's order transferring venue to Flagler County and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

MAY, LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**